UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LILLIAN CORNISH<br>　　　Plaintiff,<br><br>v.<br><br>EASTPOINT RECOVERY GROUP, INC.,<br>　　　Defendant. | ) JURY TRIAL DEMANDED<br>)<br>)<br>) Case No. CIV-24-923-JD<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.   INTRODUCTION

1. This is an action for actual and statutory brought by Plaintiff Lillian Cornish an individual consumer, against Defendant, Eastpoint Recovery Group, Inc., ("Eastpoint") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.   JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) 28 U.S.C 1331. Venue in this District is proper in that the Defendants transact

1

business in Oklahoma City, Oklahoma County, Oklahoma, and the conduct complained of occurred in Oklahoma City, Oklahoma County, Oklahoma.

### III.   PARTIES

3. Plaintiff Lillian Cornish (hereinafter "Ms. Lillian") is a natural person residing in Oklahoma City, Oklahoma County, Oklahoma. Ms. Lillian is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

4. Upon information and belief, Defendant Eastpoint Recovery Group, Inc., is a New York corporation with its principal place of business located at 1738 Elmwood Ave Suite 104. Buffalo, NY 14207.

5. Defendant Eastpoint Recovery Group, Inc., is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempt to collect consumers' debts alleged to be due to another's. The alleged debt arose from a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt as that term is defined by 15 U.S.C. §1692a(5).

### IV.   FACTS OF THE COMPLAINT

6. Defendant Eastpoint (hereinafter referred to as "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a(6).

7. On or about July 28, 2024, Ms. Cornish received an email form Eastpoint attempting to collect a debt owed to TBOM Mathis Brother Furniture FORTIVA.

8. On or about July 28, 2024 Ms. Cornish sent an email back "Thanks for the extra details. I appreciate, but I've decided not to pay this debt." Pursuing to 15 U.S.C 1692c(c).

9. On or about July 29, 2024 Ms. Cornish received an email from Eastpoint *"Hi Lillian We'd like to invite you to our online platform to view and select the best option to resolve your past due balance from TBOM Mathis Brother Furniture FORTIVA. This account has been referred to Eastpoint Recovery Group, Inc., for resolution. Set up a payment plan on a schedule that works for you. <u>Click here to view the options</u>* . Which was in violation of 15 USC 1692c(c).

10. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendant in the form of anger, anxiety, intrusion upon seclusion, decreased ability to focus on task while at work, frustration, amongst other negative emotions.

V.  FIRST CLAIM FOR RELIEF
(Defendant Eastpoint Recovery Group, Inc)
15 U.S.C. §1692c(c)

11. Ms. Lillian re-alleges and reincorporates all previous paragraphs as if fully set out herein.

12. The Debt Collector violated the FDCPA.

13. The Debt Collector's violations include, but are not limited to, the following:

    The Debt Collector violated 15 U.S.C § 1692c(c) of the FDCPA by failing to cease collection after receiving written notice.

14. As a result of the above violations of the FDCPA, Defendant are liable to the Ms. Lillian actual damages, statutory damages and cost.

### VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ms. Lillian respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(a)(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(a)(2);

D. Cost and reasonable attorney's fees pursuant to 15 U.S.C 1692k(a)(3);

E. For such other and further relief as the Court may deem just and proper.

        Respectfully submitted:


s/ Nkem A. House
Nkem A. House, OBA #21219
House Law Group
425 W. Wilshire Blvd., Ste. E
Oklahoma City, OK 73116
405.633.1709 (telephone)
houselawfirm@gmail.com (email)
ATTORNEY FOR PLAINTIFF